IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA BYRUM                                                                PLAINTIFF

v.                                      CIVIL NO. 08-2029

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff Sandra Byrum brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I. Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on October 17, 2005, alleging an inability to work since January 8, 2005, due to a back disorder and depression.[1] (Tr. 265, 298). An administrative hearing was held on May 16, 2007, at which plaintiff appeared with counsel. (Tr. 280-344).

---

[1] Plaintiff amended her onset date to September 28, 2005. (Tr. 298).

By written decision dated July 31, 2007, the ALJ found that during the relevant time period plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). However, after reviewing all of the evidence presented, she determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift/carry ten pounds occasionally, less than ten pounds frequently; to sit up to six hours in an eight-hour work day; to stand/walk up to two hours in an eight-hour work day; to occasionally climb ramps/stairs, bend, crouch, crawl, kneel and balance but never repetitively bend, stoop or crouch. The ALJ found plaintiff could never climb ladders, ropes, or scaffolds or perform a job involving driving. The ALJ found plaintiff should avoid unprotected heights, dangerous equipment/machines and uneven surfaces. The ALJ found plaintiff is able to understand, remember, and carry out non-complex simple instructions, using little judgment to do routine/repetitive tasks which are learned by rote and involve few variables; to have superficial contact incidental to work with the public; and to accept concrete, direct and specific supervision. (Tr. 18-19). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as an inspector, sampler, weigher and bench assembler. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing the additional evidence, denied that request on February 7, 2008. (Tr. 4-8). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 6,7).

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.    Discussion:

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). A thorough review of the evidence of record fails to reveal a mental RFC assessment completed by a medical professional to support the ALJ's determination.

A review of the evidence before the ALJ reveals plaintiff reported experiencing depression and anxiety since the time of her surgery in June of 2005. (Tr. 304, 229, 239). Plaintiff testified at the administrative hearing that she felt worthless and had suicidal thoughts. (Tr. 304, 319-320). It appears the ALJ used plaintiff's subjective complaints and the medical

evidence to find plaintiff's depression was a severe impairment. (Tr. 17). The ALJ also included mental limitations in plaintiff's RFC. The problem with the ALJ's mental assessment is that no medical professional gave an opinion as to what limitations plaintiff's depression and anxiety had on her ability to perform activities of daily living. The ALJ cannot draw her own inferences from the medical reports. *See Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000). Since there is no RFC assessment completed by a medical professional and because there is medical evidence to establish plaintiff has sought treatment for depression and anxiety we believe remand is necessary to allow the ALJ to more fully and fairly develop the record. *Strongson v. Barnhart,* 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Brian Cotner and D. H. Pennington–asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). We further recommend the ALJ order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and

complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of May 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE